IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GLORIA LESHELL BILLS,<br>    Defendants. | Case No. CR-24-00056-J |

## MOTION TO DISMISS FOR VIOLATIONS OF THE DUE PROCESS PROTECTIONS ACT, *BRADY*, AND RULE 16, OR IN ALTERNATIVE MOTION IN LIMINE ANY EVIDENCE RELATED TO UNDISCLOSED DISCOVERY

**COMES NOW**, the Defendant **GLORIA LESHELL BILLS**, by and through counsel of record, and hereby moves to dismiss due to the failure to disclose known discoverable evidence in possession of the law enforcement agencies involved in the unlawful search and seizure of the Defendant. In support of this request, Defendant presents as follows:

I.    **INTRODUCTION**

The Defendant moves the Court to take judicial notice, in and a for the record pursuant Federal Rule of Criminal Procedure 5(f)(1)(2) (*Due Process*

*Protection Act*),[1] under Pleadings and Pre-Trial Motions Federal Rule of Criminal Procedure 12(B)(C), and Federal Rule of Criminal Procedure 3, Brady claim, and the Fourth, Fifth, Sixth, Eighth, Ninth and Eleventh amendments of the United States Constitution of America move court for the above-entitled and captioned case to be dismissed with prejudice due to the Government, failing to meet, obey its obligations under Due Process Protection Act Court Order, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and pursuant to rules ABA, lieu of Oklahoma Rules of Professional Conduct 3.8 Special Responsibilities of a Prosecutor subsection(d), and Rule section 8.4(d).

1. This matter has been investigated by a combination of the Drug Enforcement Administration (DEA), Oklahoma County Sheriff's Office, the Oklahoma Bureau of Narcotics (OBN), and other unnamed law enforcement agencies.

2. The Agents/Officers employed a "drug dog" ("K-9) in this matter that was employed in the search of the vehicle of the Defendant, that resulted in obtaining alleged evidence of illegal drugs found near a passenger.

3. The K-9 failed to make any indication of search, so the Government (without permission of the Defendant) removed her vehicle from the scene of the traffic stop and conducted a second K-9 search (outside of

---

[1] *See* Doc. 48 (February 16, 2024, DPPA Order).

the presence of the Defendant) and claims it then "hit" and giving the officer's probable cause to search the Defendant's vehicle.

4. On February 14, 2024, Defendant Bills appeared before Magistrate Judge Shon T. Erwin for an arraignment on the Indictment [Doc. 37]. *See also* Doc. 45.

5. On February 14, 2024, Magistrate Judge Erwin also issued an order under the Due Process Protections Act ("DPPA").[2] *See* Doc. 48.

6. On February 27, 2024, a written request for discovery was made to the Government. *See* Attachment 1.

7. On March 9, 2024, the undersigned followed up on the discovery request and requested, among other things, the following:

   a. "Any dashcam or BWC video of the traffic stop, as well as when the agent took the car and drove it away to do another dog sniff at a different location."

   b. "The radio logs of the traffic stop and drug dog being called out."

   c. "Any information or report on when the drug dog was called out and actually arrived and was deployed the first time and the

---

[2] The DPPA, PL 116-182, [S. 1380], effective October 21, 2020, requires parties to be informed regarding an amendment to Fed.R.Crim.P. 5 and to remind prosecutors of their obligations to disclose exculpatory evidence pursuant to *Brady* (and its progeny)..

timing on the second time when they moved the car and re-deployed the drug dog."

　　d. "Any information on the drug dog itself (e.g. OHP Utilization Report that tracks the drug dog's performance demonstrating his "find" rate and "false response" rate (or other documentation reflecting the same). If this isn't an OHP dog, then the equivalent for whichever agency's dog that it is."

　　e. "Any documents used for the purposes of booking Ms. Bills into Cleveland County, the PC affidavit provided to the jail, and release from Cleveland County."

*See* Attachment 2.

8. On March 11, 2024, the Government acknowledged the request and stated they would inquire of the agents/officers. *Id*.

9. To date, on the deadline to file any motions, the Government has not disclosed (or likely obtained[3]) any of the requested information as required by law.

10. This evidence would provide insight as to the propriety of the search, the length of the delay in waiting for the K-9, or probable cause.

---

[3] *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995)("[T]he individual prosecutor **has a duty to learn** of any favorable evidence known to the others acting on the government's behalf in the case, including the police.") (emphasis added.)

11. In addition to the DPPA, *Brady*, Rule 16, and the orders from this court, the U.S. Department of Justice in both the U.S. Attorney Manuel ("USAM") and the "Justice Manuel" ("JM") 9-5.001 states:

> It is the **obligation of federal prosecutors**, in preparing for trial, **to seek all exculpatory and impeachment information** from all members of the prosecution team. **Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution** of the criminal case against the defendant.

*Id.*

## **CONCLUSION**

The Defendant should not be required to forego the right to a speedy trial because the Government failed to not only provide timely discovery, but what may be either exculpatory or unconstitutional activity by law enforcement. For the foregoing reasons, the Indictment [Doc. 37] should be dismissed.

Dated:     May 15, 2024          Respectfully submitted,

*/S/ Robert D. Gifford*
ROBERT D. GIFFORD, OBA #17034
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK  73101-2682
T:  405.778.4647 | F:  877.295.0287
E:  Robert.Gifford@GiffordLawyer.com

**ATTORNEY FOR DEFENDANT
GLORIA LESHELL BILLS**

## **Certificate of Service**

This is to certify that on May 15, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to counsel of record.

*/s/ Robert "Bobby Don" Gifford*
ROBERT D. GIFFORD, II