# Attachment One

Written Request for Discovery

**From:** Robert Gifford Robert.Gifford@GiffordLawyer.com
**Subject:** Request for Discovery
**Date:** February 27, 2024 at 6:43 AM
**To:** Matthew Anderson - AUSA matthew.anderson2@usdoj.gov
**Cc:** Ronald Jones - Attorney ron@thebrilliantbrawler.com

Matt: Please find attached my written request for discovery (just the standard request).

Discovery Letter – Bills.pdf
207 KB

Robert D. Gifford
ATTORNEY



GIFFORD LAW, P.L.L.C.
Phone: (405) 810-5406
Cell/Text: (405) 778-4647
Facsimile: (877) 295-0287
Email: Robert.Gifford@GiffordLawyer.com
Website: http://giffordlawyer.com

This e-mail (and attachments) contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the recipient(s) named above, and is covered by the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us via e-mail and delete this e-mail from your system. Thank you.

*Please note the following: (1) email communication is not a secure method of communication; (2) any email that is sent between you and this law firm may be copied and held by various computers it passes through as it is transmitted; (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or this firm's computer or even some computer unconnected to either of us that this email passes through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please advise me at once.



February 26, 2024

United States Attorney's Office
Matt Anderson, Assistant U.S. Attorney
Western District of Oklahoma
via email: matthew.anderson2@usdoj.gov

Re: *United States v. Gloria Leshell Bills,* 24-cr-00056-J

Mr. Anderson:

Pursuant to the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law, Defendant, Gloria Leshell Bills, hereby requests the Government[1] to produce the following items, to the extent they may exist, for his inspection and use in connection with the preparation, and/or trial, and/or sentencing in the above—referenced case:

A. Any relevant written or recorded[2] statements[3] made or adopted by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government; that portion of any written record containing the substance of any relevant oral

---

[1] The term "Government" as used throughout this request includes all branches of the Government, all levels of the Government and all agencies within each branch and level of Government.
[2] The term "recorded" as used throughout this request includes both audio and visual recordings.
[3] The term "statements" as used throughout this request includes any form of assertive conduct and is, therefore, not limited to verbal statements.

statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. You shall also disclose the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a Government agent if the Government intends to use the statement at trial. *See* Fed. R. Crim. Proc. 16(a)(1)(A).[4]

1. **Arrest Reports, Notes and Body Cam, Dash Cam, and/or Dispatch Audio/Tapes**: The defendant also specifically requests that all arrest reports, notes, dispatch, video, audio and any and all items that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. U.S.*, 389 F.2d 911 (9th Cir. 1968); *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C.Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967).

2. **Arrest and Investigative reports, investigator's notes, memos from arresting officers, dispatch and broadcast audio/tapes, sworn statements, and prosecution reports** pertaining to the defendant are discoverable under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2

---

[4] This request is also intended to cover the substance of Defendant's response to Miranda warnings if such warnings were given. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

and 12(I); Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

3. **Disclosure of Search Warrant, Arrest Warrant and/or Electronic Surveillance Order and all supporting affidavits, applications, and returns, and to unseal any and all related documents**. Rule 16, Federal Rules of Criminal Procedure; Sixth Amendment, United States Constitution. This includes a request for all information relative to all searches or seizures that have been conducted, including where applicable, the warrant, the affidavit, and the return for each search. This request, however, includes searches and seizures, whether or not through a search warrant. Where not conducted pursuant to a warrant, please provide facts establishing probable cause, exigent circumstances, or any other exception to the warrant requirement.

4. **Disclosure of statements of alleged co-conspirators**. Rule 801(d)(2)(E), Federal Rules of Evidence; Rule 16, Federal Rules of Criminal Procedure.

5. **Favorable Statements**: Witness statements favorable to the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

6. **Names of Witnesses favorable to the Defendant**: The defendant requests the name of any witness who the government does not intend to call at trial, or who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S.

883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980).

7. **Request for Preservation of Evidence**: The defendant specifically requests that all evidence in whatever form, including but not limited to all notes, reports, memoranda, logs, video and audio recordings, dispatch/radio broadcasts, surveillance records, telephone conversations, photographs and any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. Please advise all relevant agencies and personnel regarding this request. I request that all information and statements taken in whatever form including but not limited to meetings, conferences, conversations, debriefings, and proffers be audio or tape recorded. Audio/tape recording those proceedings will ensure an accurate record of what statements are made by any potential witness.

8. **Information Regarding Informants and Cooperating Witnesses**: The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. United States*, 353 U.S. 53 (1957).

9. **Documents & Objects**: Copies of, or an opportunity to inspect and copy or photograph, any books, papers, documents, depictions, photographs, tangible objects, buildings, automobiles, or places which are material to the

preparation of the defendant's defense, are intended for use by the government in its case in chief, or were obtained from or belong to the defendant, pursuant to Rule 16(a)(1)(E).

10. **Discovery Pursuant to the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2, Federal Rules of Criminal Procedure**: The defense requests all material to which defendant is entitled pursuant to the Jencks, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

B. **A copy of the Defendant's prior criminal record**, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* Fed. R. Crim. Proc. 16(a)(1)(B).

C. **404(b) Notice**: Notice of evidence of any other crimes, wrongs, or acts which the government intends to introduce at trial pursuant to Rule 404(b), Federal Rules of Evidence. This includes a request for all supporting records, reports, notes, and / or memoranda providing the details of any such evidence.

D. **Books, papers, documents, photographs, tangible objects, or copies or portions thereof**, which are within the possession, custody or control of the Government, and which are related to the above referenced case, or are intended for use by the Government as evidence at trial, or were obtained from or belong to the Defendant. *See* Fed. R. Crim. Proc. 16(a)(1)(C).

E. **Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof**, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may

become known, to the Government, and which are related to the above referenced case or are intended for use by the Government as evidence at trial. *See* Fed. R. Crim. Proc. 16(a)(1)(D).[5] You are also hereby specifically requested to preserve for testing by the Defendant any and all substances capable of being tested by scientific means whether or not such substances were tested by the Government.

F. A complete written summary of testimony to be presented by any Government witness called as an expert witness including the witness' opinions, the basis and the reasons therefore, and his/her qualifications. *See* Fed. R. Crim. P. 16(a)(1)(E).

G. **All evidence favorable to the Defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a Government witness who will testify at trial**. *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). This request includes, but is by no means limited to:

1. **Contradictory Statements**: Prior contradictory statements of prosecution witnesses. *Giles v. Maryland*, 386 U.S. 66 (1967).

2. The existence of any witness known to the Government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the

---

[5] The government's obligation to provide Rule 16 discovery extends to all materials of which the prosecutor knows and to which he or she has access. *See United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). The prosecutor is deemed to have knowledge of and access to anything in the possession, custody, or control of any federal or cooperating non-federal agency participating in the same investigation of the defendant. *Id.* The prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf, including police, in order to avoid a *Brady* violation. *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).

existence of which is known, or by the exercise of due diligence may become known to the Government.

3. Any statements made or adopted by any individual (including co—defendants) (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government, which exculpate or do not mention the Defendant.

4. **Evidence of Bias or Motive to Lie**: The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

5. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**: Any and all evidence showing any bias, narcotic habit, alcoholism, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the Government intends to call to testify at trial in the above referenced case. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

6. **Government Examination of Law Enforcement Personnel Files**: The defendant requests that the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to

impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F. 2d 29 (9th Cir. 1991). *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

7. **Polygraph**: The results of any polygraph ("lie detector") tests given to a Defendant or witnesses the Government intends to call to testify at trial in the above referenced case.

8. Any promises, rewards, and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the Government intends to call to testify at trial in the above referenced case.

9. **Presentence investigation reports (PSRs)**, if any, relating to any witness the Government intends to call to testify at trial in the above—referenced case.

10. Any and all evidence about which the Government is now aware, or about which the Government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the Defendant now stands accused. This includes all evidence which the Government believes indicates that another individual committed the offense(s) in connection with the Defendant.

11. Names and addresses of eyewitnesses to the offense(s) for which the Defendant now stands accused whose identity is now known, or by the exercise of due diligence may become known to the Government.

12. Information regarding any indecisive, incomplete or hesitant identification of the Defendant by any witness to the offense(s) for which the Defendant now stands accused

(regardless of whether the Government intends to call that witness to testify at trial).

13. Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the Government anticipates it will present at trial or sentencing in the above referenced case.

14. Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness's attorney. *See Spicer v. Roxbury Correctional Institute*, No. 99-6119 (4th Cir. 1999).

15. **Evidence of Criminal Investigation of Any Government Witness**: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985). This includes their entire criminal record (both arrests and convictions, whether adult or juvenile) and probation reports, supervised release, pre-sentence reports, violation reports, intelligence reports and all supplementals.

H. Copies of any statements made or adopted by any alleged co—conspirator, co-defendant or agent of the Defendant regardless of whether the Government intends to introduce these statements at trial. *See United States v. Turoff*, 701 F. Supp. 981 (E.D.N.Y. 1988).

I. **Informants and Sources**: The identify of any informant or "source" connected to the above referenced case who was a percipient witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 53 (1957). The Defendant also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric

treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered, or any threats of criminal prosecution made to said informant.

J. Any statements <u>made or adopted</u> by witnesses which the Government intends to call to testify at any hearing (including a sentencing hearing) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* 18 U.S.C. § 3500; Fed. R. Crim. Proc. 26.2. This includes any statements made by a government witness while he or she was incarcerated in the course of telephone conversations with government agents or others that were audio/tape recorded by the institution in which the witness was incarcerated. *See United States v. Ramirez*, 174 F.3d 584 (5th Cir. 1999).

K. **Trial Evidence**: The general nature of any and all evidence the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). *See* Fed. R. Evid. 404(b). The Defendant further requests a statement of the Government's theory of admissibility with respect to all such evidence.

L. **Sentencing Disclosures**: The government's discovery obligation extends to evidence that is relevant or material to sentencing under the Sentencing Guidelines. *See United States v. Rosa*, 891 F.2d 1075 (3d Cir. 1989); *United States v. Ameperosa*, 728 F.Supp. 1479 (D.Haw. 1990). Additionally, Federal Rule Crim. Pro. 16 and the good faith duty to contractually negotiate in a fair, informed, and intelligent manner (should we wish to resolve this case short of trial) mandate disclosure. *Brady v. Maryland*, 373 U.S. 82 (1963); *McCarthy v. United States*, 394 U.S. 459 (1969), and *Boykin v. Alabama*, 395 U.S. 238 (1969). The

> Sentencing Commission's policy calls for the government to disclose such information. *See* U.S.S.G. § 6B1.2, Commentary.

Please note that the Defendant specifically requests all items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law. If those sources require production of items not specifically requested herein, a request for these items is now specifically made. Furthermore, this request is a continuing request; if the Government discovers additional evidence or material responsive to any of the above Requests subsequent to the Government's initial production, the Government shall promptly and without delay provide the Defendant with the additional evidence or material. *See* Fed. R. Crim. Proc. 16(c).

In the event that the Government fails to produce all, or any part, of the evidence or materials herein requested, the Defendant reserves the right to oppose the introduction of such evidence or materials at any hearing in the above referenced case and/or move for dismissal of the indictment against the Defendant. *See* Fed. R. Crim. Proc. 16(d)(2).

If you do not believe that we are entitled to receive any of the specific items set forth in this letter, I would appreciate your nonetheless preserving and assembling the evidence and notifying me of the non-production and reason therefore, so that a motion can be raised to the Court, if necessary.

Your anticipated cooperation is appreciated.

GIFFORD LAW, P.L.L.C.

*/S/Bobby Don Gifford*

ROBERT D. GIFFORD, II
Attorney and Founder